## 9633

### TRUE v. CUDD.

#### (91 S. E. 856.)

1. HUSBAND AND WIFE—AGENCY—QUESTION FOR JURY.—In an action for money alleged to have been loaned by plaintiff through her husband to the defendant whether the· plaintiff's husband was manager of defendant's store at the time of the loans, and not plaintiff's agent, *held* for the jury.

2. PRINCIPAL AND AGENT—EVIDENCE OF AGENCY—ADMISSIBILITY.—In an action for money alleged to have been loaned by plaintiff through

her husband to the defendant, an advertisement showing that the husband was manager of defendant's store in 1911 was competent as proof of a circumstance to be taken with the further circumstance that he was in the store in 1910 when the loans were made, to prove that he was manager in 1910.

3. EVIDENCE—DECLARATIONS OF HUSBAND AS BINDING ON WIFE.—In an action for money alleged to have been loaned by plaintiff through her husband to the defendant, declarations made by plaintiff's husband in another case to which plaintiff was not a party that plaintiff was the owner of defendant's business, were not binding on plaintiff or competent to prove that she was the owner of the business in the absence of authority given her husband to speak for her.

4. TRIAL—INSTRUCTIONS.—In an action for money alleged to have been loaned by plaintiff through her husband to the defendant, a charge that plaintiff was not bound by declarations of her husband in another suit, admitted to discredit the husband's testimony, was a charge to disregard incompetent testimony, and not a charge on the facts.

5. HUSBAND AND WIFE — ACTS OF HUSBAND BINDING ON WIFE.—Where plaintiff through her husband loaned money to defendant, the fact that the husband gave it to defendant as an investment in his store, and not as a loan, would not bind plaintiff, unless she authorized her husband to act for her.

6. HUSBAND AND WIFE — AGENCY — EVIDENCE — SUFFICIENCY. — In an action for money alleged to have been loaned by plaintiff through her husband to the defendant, evidence *held* not to show the relationship of principal and agent between plaintiff and her husband respecting the money placed in the husband's hands to be given to defendant.

Before HON. J. L. GLENN, special Judge, Spartanburg, July, 1915.   Affirmed.

Action by Puella L. True against J. N. Cudd.   Judgment for plaintiff, and defendant appeals.

The defendant's fifth request to charge is as follows:

"(5)  That a person has no right to make another person his debtor without the consent of such other person, and if a stranger pays the debt of another person, without any solicitation on his part, and without taking any assignment of the obligation which he paid, then such stranger is not entitled to recover."

The Court gave same, modified as follows:

"That I find, gentlemen of the jury, has been decided to be the law of this State. I think the case is dated exactly 100 years ago, Mr. Carson, and is correct. But in that connection I would say that that principle of law does not prevent one from buying a claim against another. In other words, Mr. Foreman, it is none of my business, because the law says in that case it would be an intermeddling to be going around and buying your debts; but if one of the counsel here had a claim, either an account or a note, against you, I would have a perfect right in law to go and buy that note and buy that account, and I would hold it against you just as counsel would. In other words, that principle of law announced here that if a man pays a debt of another without any solicitation on his part and without taking an assignment of the obligation, such stranger is not entitled to recover, that is, I could not get a cause of action against you by intermeddling in your business, volunteering to pay something that was doubtful, anything of that kind. But any man has a right to buy a claim against another man, to pay money for him; in that sense of the word, he has a right. I see Mr. Carson has limited this, without taking an assignment of the obligation."

*Messrs. Carson & Boyd,* for appellant, cite: *As to advertisement as evidence:* 38 S. C. 210; 28 S. C. 151; 53 S. C. 451; 19 S. C. 373. *Declaration against interest:* 15 S. C. 390. *Charge on facts:* 47 S. C. 488; 85 S. C. 296 and 283; 56 S. C. 531. *Agency of husband for wife:* 56 S. C. 134, 135; 35 S. C. 523; 31 S. C. 441; 39 S. C. 535; 43 S. C. 476; 55 S. C. 586; 49 S. C. 355, 356. *Notice to agent:* 44 S. C. L. 297; 37 S. C. 100; 57 S. C. 29; 44 S. C. 482; 57 S. C. 369; 74 S. C. 227. *Verdict contrary to charge:* 68 S. C. 523; 73 S. C. 466. *Payment of another's debt:* 27 Cyc. 838, 841; 34 S. C. L. 532; 32 S. C. L. 270; 5 S. C. L. 385; 10 S. C. 33; 33 S. C. 140.

*Messrs. Lyles & Daniel,* for respondent, cite: *As to con-fused request:* 84 S. C. 283. *Notice to agent:* 31 Cyc. 1587-1596; 1 A. & E. Enc. of L. (2d ed.) 1144-1150 and 1145. *Payment of another's debt, note:* 23 L. R. A. 120.

March 8, 1917.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

The plaintiff sued the defendant for $789.94 money loaned to him. She alleged in brief that the defendant had a store, and had her husband for manager, and she loaned the defendant through her husband for the business of the store the said sum of money in differing amounts and at different times.

The defendant alleged a totally different story. He admits that he acquired the store at the bankrupt sale of S. E. True & Co. in August, 1910, and that he continued to conduct the business as S. E. True & Co., and sometimes as True's department store; but the defendant alleges that prior to the bankrupt sale he made an agreement with S. E. True, whereby True would soon after the bankrupt sale organize a company to take over the business and relieve the defendant; that defendant was to "finance" the repurchase for $1,500.00; that the money so paid by the plaintiff "was a part of the purchase price at the bankrupt sale," and "was accepted by the defendant as part of the consideration of the contract between the defendant and S. E. True;" that True continued to be about the store until 1911 without any employment by defendant; that the plaintiff well knew of the aforesaid plan of her husband.

There is no allegation that True's plan to take over the store ever came to fruit; nor is there any allegation or proof that Cudd ever ceased to own the store. He testified he owned it from August, 1910, on. Betwixt these two tales

the jury was constituted to judge, and it found for the plaintiff.

The defendant has appealed from the judgment upon five grounds; these have each been argued, and each will be separately examined. The payments hereinbefore referred to were made in the months of August, September and October, 1910, as is hereinafter more particularly set out. At the trial the plaintiff offered in evidence, and it was received, an advertisement made by the defendant July, 1911, in which it was recited "that S. E. True had resigned his position as manager of True's department store." The defendant objected to the testimony because "all these matters are dated 1910." The inference and argument is that, because True was manager in 1911, there is no reason to conclude he was manager in 1910.

The defendant does not pretend that S. E. True was ever owner or part owner of the store after the defendant bought the bankrupt stock, and that though S. E. True used $998.44 of his wife's money in it; but the answer admits he was "about the store" in 1910, and the admission is that Cudd owned the store after August, 1910. In what capacity was S. E. True there? Cudd testified: "I didn't consider True manager; he was there looking after the business." The advertisement in July, 1911, recited that he had resigned as manager. If True was "about the store" from August, 1910, and his resignation as manager was announced in July, 1911, it was for the jury to infer whether he was there in 1910 as a hanger-on, or as manager for the defendant.

It would have been perfectly competent to prove, other than by the advertisement, that True was in fact manager in January, 1911, and to rest upon that circumstance and the further circumstance that he was in the store in 1910 to prove that he occupied the same relationship to the store when he was there in 1910, as he confessedly occupied in 1911. The advertisement did no more, and

it was relevant and competent.   Of the four cases cited by
the appellant, two of them·involved the competency of an
agent's declaration; one of them involved the power of rail-
road officer to bind his principal by an admission after the
event; in one of them the issue was whether a bulletin order
was printed in time-tables of years previous to 1891, and
it was held that a time-table of 1891 was not competent to
show the fact.   None of those cases are determinative of
this case.

   The second exception is to the charge, and partly upon the
ground it was on the facts.   Cudd had been sued in a mag-
istrate's Court in 1911 by one Stanford, and apparently for
the price of goods sold to this same store.   In that
action True is said to have testified that the store
belonged to his wife, the plaintiff here, and that she
alone had put any money in it; that Cudd had an interest in·
the store, but had put no money in it, and only guaranteed
the bills.   The Court allowed that testimony to discredit
True's testimony in the instant action, but charged the jury
that as Mrs. True was not a party to that case, she was not
bound by anything done in it.   The defendant excepts to
the limitation put on the testimony.   The Court was clearly
right; that which S. E. True said outside of the instant case
is a declaration.   Such a declaration was not competent
testimony in the instant action to prove that Mrs. True was
owner of the business; and if it was not offered for that
purpose it had no relevancy, except to contradict S. E. True,
and it was allowed for that.

   A married woman's rights would have no sort of security
if she was bound by her husband's declarations, unless she
set him to speak for her.   The declarations, if he made them,
put S. E. True in a discreditable attitude, but they did not
touch the wife's integrity.   It is suggested by the appellant,
however, that S. E. True was representing Mrs. True in the
Stanford suit.   There is no evidence of that.   It is true
Mrs. True did testify that "Mr. True has represented me

all the while in these matters;" but the witness was plainly referring to the money she loaned to the store through S. E. True. She was not questioned about S. E. True's testimony in the Stanford case.

She distinctly testified that she loaned the money to the store, and she did not know who owned the store, but that she did not. The charge had no sort of approach to the facts. In *State* v. *Mitchell,* 56 S. C. 524, 35 S. E. 210, the Court did tell a jury it might throw out some of the competent testimony where there were contradictions in the testimony, and that of course was held to be error. But the Court here told the jury not to consider incompetent testimony. The cases have no likeness to one another. The Court declined to charge the jury:

"That if the plaintiff in this action acted through her husband as her agent in the transactions involved in this controversy, then she is bound by all the facts of which her husband had notice or knowledge."

The third exception challenges the refusal. Standing alone, unrelated to the case as made by the testimony, the proposition is sound. Applied to the testimony, it is irrelevant and therefore unsound. What facts at issue in this controversy did S. E. True have knowledge of?

The issue tried was: Did Mrs. True lend the money to the store, or invest it in the store as owner? If S. E. True knew she was owner and not creditor, that would not bind her unless she authorized him to act for her. She did not put the money in his hands to use as he thought best; there is no such testimony. There is no testimony to create the relationship of principal and agent betwixt the plaintiff and S. E. True, except the testimony that she gave the money to S. E. True to pay the store's debts. The testimony does not suggest any other sort of agency, directly or indirectly. Cudd's testimony shows he alone owned the business, and he does not connect Mrs. True with it in the least. Mrs. True must have said

or done something which constituted S. E. True her agent. Her testimony is:

"It was represented to me by Mr. True that it was an emergency requiring that $500.00 check and some additional money, $50.00 in cash, to complete the purchase price, inasmuch as the bank had loaned $18,000.00. That was my understanding of it. And they were unable to secure more money, therefore the $550.00 was needed. In addition to the $550.00, I had the $50.00 paid in cash. I gave it to Mr. True with the understanding that it was to serve as part of the purchase price of the stock of goods. I understood that Mr. Cudd was purchasing the stock of goods."

The last sentence explains what she meant by "purchase price." It is plain S. E. True's agency was a very limited one, to take the money from Mrs. True, and let it help pay for the stock which "Mr. Cudd was purchasing." The Court fully charged the jury about Mr. True's power as Mr. Cudd's agent to take the money and bind Cudd for its payment; and to that there is no exception.

The fourth exception is to the Court's refusal to grant a new trial. The grounds of the motion were the same as those made here, and which we have considered.

Finally, there is an exception because after the Court had allowed the fifth request, the Court proceeded to further discuss the subject matter of the request, and erred in what was then said. Let the request and the alleged modification be reported. What the Court then said is manifestly correct; that is not denied. Its relevancy to the issue that was in hand is denied.

The testimony put in issue five items paid by Mrs. True, to wit:

August 4, 1910—Money advanced by check $500.00 and cash $50.00, $550.00

August 27, 1910—Money advanced by check for merchan-

dise bought of R. ,S. Oglesby & Co., Lynchburg, Va., $250.00.

August 29, 1910—Money advanced to pay A. G. Blotcky Advertising Company for advertising bankruptcy sale, $100.00.

October 5, 1910—Money advanced for payment of merchandise bought of A. Simon, of New York, $86.09.

September 6, 1910—Money advanced for payment to E. H. DeCamp for advertising for store, $12.00.

The matter now up has, counsel admits, no relevancy to the first item, but to the other four. The plaintiff testified that when she paid the Oglesby item "it was directly a loan to the business." The three other items aggregating only $196.00 were all debts due by the store; and the Court fully charged the jury about S. E. True's power to bind Cudd by his management of the business, and by his payment of these items with plaintiff's money. All these four payments were referable to that power, and not to any supposed volunteering of Mrs. True to pay Cudd's debts. We think, therefore, the request had doubtful relevancy, and the modification had also doubtful relevancy.

The judgment of the Circuit Court is affirmed.